UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAWON DICKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.   3:17-cv-412 |
| ) | Judge Phillips |
| KNOXVILLE POLICE DEPARTMENT ) | |
| and TRAVIS BAKER, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

Plaintiff Jawon Dickey filed this civil rights action against the Knoxville Police Department ("KPD") and KPD Officer Travis Baker in which he claims that Officer Baker punched him in the face several times and knocked out his front tooth [Doc. 2]. KPD has filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that it is an administrative unit of the City of Knoxville and not an entity subject to suit [Doc. 14]. KPD has also filed a memorandum in support of the motion [Doc. 15]. No response or opposition to the motion has been filed and the time for doing so has passed. *See* L.R. 7.1(a), 7.2.

For the reasons set forth herein, KPD's motion to dismiss [Doc. 14] will be **GRANTED**.

## I. Relevant Facts

The complaint briefly describes an incident on an unspecified date between plaintiff and Officer Baker. Plaintiff alleges as follows:

> Officer Baker grabbed me. He was called about someone else blocks away that wasn't me. I got off my bus and was on my way home. He beat me and knocked out my front tooth. Its [*sic*] on video. He punched me in the face 3—4 times.

[Doc. 2 at pp. 3—4]. In his claim for relief, plaintiff states, "I'm poor and need dental care, he knocked my tooth out and all I was doing was walking home" [*Id.* at p. 5].

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all

reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

**III.    Analysis**

At the time plaintiff filed the complaint, he was acting *pro se*. Accordingly, the Court will liberally construe his complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Nevertheless, the plaintiff must still comply with relevant rules of procedural and substantive law. *Moore v. Chattanooga Police Dep't*, No. 1:08-cv-174, 2008 WL 3896114, at *2 (E.D. Tenn. Aug. 19, 2008).

Plaintiff's only claim is asserted pursuant to 42 U.S.C. § 1983.[1] To state a § 1983 claim, plaintiff must allege sufficient facts that, if true, would establish that he was deprived of a federal constitutional right by a person acting under color of state law. *Flagg Bros.,*

---

[1]KPD also argues that it is not subject to suit under the Tennessee Governmental Tort Liability Act ("GTLA") because it is not a "governmental entity" within the scope of Tenn. Code Ann. § 29-20-102(3)(A) [Doc. 15 at pp. 1—2]. The Court need not address this argument because there is no reference to the GTLA in the complaint, even under a liberal construction.

*Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). KPD correctly argues that it is not a legal entity subject to suit under § 1983. KPD is not a municipality, but is a municipal agency or department of the City of Knoxville rather than a separate legal entity. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *Stewart v. Red Bank Police*, No. 1:16-CV-345-TAV-CHS, 2018 WL 1143595, at *2 (E.D. Tenn. Mar. 2, 2018) (police department is not an entity amendable to suit under § 1983; *Camp v. Knox County, Tenn.*, No. 3:14-CV-257-PLR-HBG, 2015 WL 461642, at *2 (E.D. Tenn. Feb. 3, 2015) (same); *Moore*, 2008 WL 3896114, at *3 (same). Accordingly, plaintiff cannot state a claim under § 1983 against KPD.

**IV. Conclusion**

For the reasons set forth herein, the Knoxville Police Department's motion to dismiss [Doc. 14] will be **GRANTED**. An appropriate order will be entered.

                                         s/ Thomas W. Phillips
                                   SENIOR UNITED STATES DISTRICT JUDGE